FREDERICK KAMMANN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 9, 1888.*

SALE OF INTOXICATING LIQUOR—*to one already intoxicated—of the proof.* On the trial of one upon the charge of having sold liquor to a person while in a state of intoxication, it is not necessary for the prosecution to show that the buyer was drunk at the very moment of the sale to him. It is sufficient to show that shortly before the sale he was so drunk that he could not "walk nor talk straight."

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the County Court of Kankakee county; the Hon. THOMAS S. SAWYER, Judge, presiding.

31—124 ILL.

Messrs. BARNUM, RUBENS & AMES, for the plaintiff in error.

Mr. H. L. RICHARDSON, States Attorney, for the People.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The plaintiff in error, Frederick Kammann, was tried in the county court of Kankakee county on an indictment charging him with selling intoxicating liquor to one Taylor Hatfield, while in a state of intoxication. The jury found him guilty, and the court assessed his fine at $40, and rendered judgment accordingly. The judgment was subsequently affirmed by the Appellate Court for the Second District, whence the case is brought here for review.

It is first objected, that there is no evidence to support the conviction. In view of all the evidence, we think the jury were warranted in finding the defendant guilty. The proof is clear that Hatfield went into the defendant's saloon on the evening of the alleged sale and called for whisky; that the defendant thereupon set a bottle out on the counter, from which Hatfield poured out a portion of its contents, drank it, and paid for it. It further appears, that some time before that, on the same evening, Hatfield was seen on the street so drunk that "he could not walk straight nor talk straight." The only point made on this testimony is, that it does not expressly appear that Hatfield was drunk at the very moment of the sale of the whisky. This we think might fairly be inferred from the facts sworn to, about which there is no controversy.

The only remaining objection urged is, that the court erred in submitting the case to the jury upon an instruction, for the reason, as is alleged, there was no evidence upon which to base it. This is but a repetition, in another form, of the objection already considered.

No sufficient reason is perceived for disturbing the judgment of the Appellate Court, and it will therefore be affirmed.

*Judgment affirmed.*